# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. ZERINA SPALDING,
        Petitioner,

      v.

DEPARTMENT OF THE TREASURY,
        Agency.

DOCKET NUMBER
CB-1208-22-0016-U-6

DATE: March 21, 2023

## THIS STAY ORDER IS NONPRECEDENTIAL[1]

<u>Julie R. Figueira</u>, Esquire, <u>Malvina Winston</u>, Esquire, and <u>Paul David Metcalf, Jr.</u>, Esquire, Washington, D.C., for the petitioner.

<u>Corlie McCormick, Jr.</u>, Esquire, Crofton, Maryland, for the relator.

<u>Ralph C. Conte</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**ORDER ON STAY EXTENSION REQUEST**

¶1        Pursuant to 5 U.S.C. § 1214(b)(1)(A), the Office of Special Counsel (OSC) requests an extension of the previously granted stay of the proposed removal issued by the Department of the Treasury (agency) while OSC completes its investigation and legal review of the matter and determines whether to seek corrective action.  For the reasons discussed below, the stay is extended up to and including May 8, 2023.

## BACKGROUND

¶2        On July 28, 2022, Member Limon granted OSC's request for a 45-day stay of the proposed removal of Ms. Spalding based on a charge of misconduct. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-1, Stay Request File (U-1 SRF), Order on Stay Request (July 28, 2022) (U-1 Order on Stay Request).  The initial stay was granted to permit OSC to conduct an investigation into whether the agency's proposal to remove Ms. Spalding was the result of a prohibited personnel practice under 5 U.S.C. § 2302(b)(1)(A).  *Id.*, ¶ 6.  OSC subsequently requested, and the Board granted, multiple extensions of the stay.[2]

---

[2] By order dated September 9, 2022, the Board extended the stay through November 9, 2022. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-2, Stay Request File (U-2 SRF), Order on Stay Extension Request (Sept. 9, 2022) (U-2 Order on Stay Extension Request).  By order dated November 9, 2022, the Board extended the stay through January 8, 2023. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-3, Stay Request File (U-3 SRF), Order on Stay Extension Request (Nov. 9, 2022) (U-3 Order on Stay Extension Request).  By order dated December 27, 2022, the Board extended the stay through January 23, 2023. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-4, Stay Request File (U-4 SRF), Order on Stay Extension Request (Dec. 27, 2022).  By order dated January 23, 2023, the Board extended the stay through March 24, 2023. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-5, Stay Request File (U-5 SRF), Order on Stay Extension Request (Jan. 23, 2023) (U-5 Order on Stay Extension Request).  Although the agency did not oppose one of the extension requests, it opposed the others and the initial stay

¶3      The current stay order is in effect through March 24, 2023. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-5, Stay Request File (U-5 SRF), Order on Stay Extension Request, ¶ 14 (Jan. 23, 2023) (U-5 Order on Stay Extension Request). On March 9, 2023, OSC filed a timely request to extend the stay through May 23, 2023. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-6, Stay Request File (U-6 SRF), Tabs 1-2.[3] The agency has filed a response in opposition to OSC's request. U-6 SRF, Tab 3.

## ANALYSIS

¶4      A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice. *Id.* In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable. *Id.* at 158. The Board may grant the extension for any period that it considers appropriate. 5 U.S.C. § 1214(b)(1)(B)(i); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).

¶5      In requesting another 60-day extension of the existing stay, OSC asserts that it continues to have reasonable grounds to believe that the agency's proposed removal is in violation of 5 U.S.C. § 2302(b)(1)(A) and other prohibited

---

request. *Compare* U-1 SRF, Tab 6; U-2 SRF, Tab 3; U-3 SRF, Tab 2; U-5 SRF, Tab 2, *with* U-4 SRF, Tab 1.

[3] OSC initially filed its request to extend the stay on March 9, 2023, U-6 SRF, Tab 1, but it filed an errata a few days later to correct several errors in its initial submission, U-6 SRF, Tab 2.

personnel practices.[4]  Broadly speaking, the underlying circumstances involve Ms. Spalding sending anonymous complaints of racial discrimination and other wrongdoing to the agency; the agency conducting an investigation into the origins of the complaints that included subpoenaing Internet Protocol addresses and conducting fingerprint analysis; Ms. Spalding denying that she sent the complaints during an interview with the agency's Office of Inspector General; and the agency then citing that allegedly false denial to propose Ms. Spalding's removal for lack of candor.  *E.g.*, U-1 SRF, Tab 1 at 6-12, 21, Tab 6 at 14-31; U-5 SRF, Tab 1 at 3-4; U-6 SRF, Tab 2 at 6-7.

¶6        As noted in the Board's previous order granting the initial stay in this case, the Board has found that OSC alleged in its July 25, 2022 stay request that it has reasonable grounds to believe that Ms. Spalding's proposed removal was the result of a prohibited personnel practice in violation of 5 U.S.C. § 2302(b)(1)(A). U-1 Order on Stay Request, ¶ 6.  Viewing the record in the light most favorable to OSC, an extension of the stay is not clearly unreasonable to allow OSC time to continue its investigation.  *Special Counsel v. Small Business Administration*, 73 M.S.P.R. 12, 13-14 (1997).  The record supporting OSC's stay extension request does not appear to have changed materially since the initial stay was granted, and so we find it appropriate to extend the stay.  *See Special Counsel v.*

---

[4] To the extent that OSC has identified other prohibited personnel practices that the agency may have also violated with respect to Ms. Spalding, including 5 U.S.C. § 2302(b)(8) and 5 U.S.C. § 2302(b)(9)(C), the Board's previous orders explained that we granted OSC's stay based solely on its allegations pertaining to 5 U.S.C. § 2302(b)(1)(A).  U-1 Order on Stay Request, ¶ 6 n.2; U-2 Order on Stay Extension Request, ¶ 7 n.2; U-3 Order on Stay Extension Request, ¶ 9 n.2; U-5 Order on Stay Extension Request, ¶ 5 n.3.  The Board has also explained that this stay is limited to Ms. Spalding's proposed removal, and it does not cover any other employees that may now be the subject of OSC's expanding investigation.  U-2 Order on Stay Extension Request, ¶ 10 n.4.  However, we dismissed the agency's suggestion that the focus of our stay requires that OSC similarly focus its investigation.  U-5 Order on Stay Extension Request, ¶ 8.

*Department of Veterans Affairs*, [60 M.S.P.R. 40](#), 41 (1993) (no change in the record is a factor in favor of extending the stay).

¶7 A separate determination must be made on the length of a requested stay, and the Board may extend the period of a stay for any period it considers appropriate. *Special Counsel ex rel. Meyers v. Department of Housing and Urban Development*, 111 M.S.P.R. 48, ¶ 17 (2009); *Waddell*, [105 M.S.P.R. 208](#), ¶ 5. As we have repeatedly noted, the Board has recognized that it is the intent of Congress that stays not be extended for prolonged periods of time, and Congress has encouraged the Board to press OSC to present any corrective action case in a timely manner. *Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-2, Stay Request File, Order on Stay Extension Request, ¶ 10 (Sept. 9, 2022); *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-3, Stay Request File, Order on Stay Extension Request, ¶ 10 (Nov. 9, 2022); U-5 Order on Stay Extension Request; *see Special Counsel v. Department of the Treasury*, [71 M.S.P.R. 419](#), 421-22 (1996) (citing *Special Counsel v. Federal Emergency Management Agency*, [44 M.S.P.R. 544](#), 546-47 (1990)).

¶8 In the Board's most recent order on this matter, we recognized that this stay has already been in place for a lengthy period. U-5 Order on Stay Extension Request, ¶ 12. But we also recognized OSC's explanations for why its investigation was not yet complete, many of which related to the agency's failure to cooperate with OSC in a timely manner. *Id.*, ¶¶ 6, 12. Accordingly, we encouraged the agency to avoid any further delay of OSC's investigation, and we cautioned OSC that time is of the essence. *Id.*, ¶ 13.

¶9 With its current request for yet another extension, OSC described significant progress, but also some continued delays that are at least partially attributable to the agency. U-6 SRF, Tab 2 at 9-10. For example, in a statement made under penalty of perjury, OSC describes the following sequence of events in the days after our January 23, 2023 Order: On January 25, OSC reminded the

agency of certain outstanding document requests. On January 30, OSC reminded the agency again. On February 1, the agency emailed OSC requesting a call. OSC responded within the hour, but received an out-of-office message indicating that OSC's contact with the agency would be away through February 13. On February 13, OSC tried to reach its agency contact again. On February 14, the agency responded, mistakenly stating that it had already produced everything. On February 14 and 15, the parties exchanged further correspondence. On February 17, the agency provided OSC some of what it had been waiting for. On March 1, OSC contacted the agency seeking the rest of what it had been waiting for, at which point the agency mistakenly claimed there was nothing left to produce. Subsequently, the agency acknowledged that it had slightly less than 15,000 emails that are responsive to OSC's request, but it had yet to turn them over as of OSC's filing in this matter. *Id.* at 9-10, 21.

¶10     For its part, the agency continues to oppose OSC's initial stay and its current request for an extension. U-6 SRF, Tab 3. We note, though, that the agency seems to confirm much of what OSC has asserted regarding delays. For example, the agency presents argument and evidence that OSC began seeking documents containing certain key words in or before November 2022, but the agency did not provide documents for some of those key-word searches until March 15, 2013. *Id.* at 10, 16-34. This was 6 days *after* OSC filed the extension request before us, and only 9 days before the existing stay was set to expire. *Id.* at 10.

¶11     The agency's primary disagreement with OSC stems from the scope of OSC's investigation and its investigatory methods. For instance, the agency suggests that OSC's requests for documents and witness interviews veer from the specific matter being stayed—Ms. Spalding's removal for lack of candor regarding her involvement in one set of anonymous complaints of discrimination—and into her earlier 3-day suspension, *id.* at 6-8, which OSC has described as based on her lack of candor regarding her involvement in another set

of anonymous complaints of discrimination, U-1, SRF, Tab 1 at 7-8; U-6 SRF, Tab 2 at 6-7.

¶12 Under the circumstances, we find that a 45-day extension is appropriate.[5] *See Meyers*, 111 M.S.P.R. 48, ¶ 17 (granting a request for extension of a stay, but for less time than requested). OSC's request for a 60-day extension indicated that it was nearing the "finish line" and that it intended to "pivot to final resolution." U-6 SRF, Tab 2 at 5. It further expressed a plan to complete just a "few, remaining steps of its investigation," and to "finalize its settlement presentation," which will include "a request for corrective action." *Id.* at 18. But the agency proposed Ms. Spalding's removal a year ago, in March of 2022. *Id.* at 5. We are therefore granting a lesser extension than OSC requested to reflect our continued concern about the length of time that this matter has been pending. We hope the parties will work cooperatively during this period to bring at least this portion of OSC's work on Ms. Spalding's behalf to a close.

**ORDER**

¶13 Pursuant to 5 U.S.C. § 1214(b)(1)(B), a 45-day extension of the stay is GRANTED, and it is ORDERED as follows:

(1) The stay issued on July 28, 2022, is extended through and including May 8, 2023, on the terms and conditions set forth in that Order;

(2) The agency shall not effect any changes in Ms. Spalding's duties or responsibilities that are inconsistent with her salary or grade level, or impose upon her any requirement which is not required of other employees of comparable position, salary, or grade level;

---

[5] The agency suggested that if we were not inclined to altogether deny OSC's request for a 60-day extension, we should grant the extension for just 45 days. U-6 SRF, Tab 4 at 1-14.

(3)     Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)     Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B), and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before April 23, 2023; and

(5)     Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before April 30, 2023.


FOR THE BOARD:                                  /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.